IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

        Plaintiff,

   v.                                      NO. CIV. S-10-3452 CKD

LINDA VUONG, et al.,                <u>AMENDED STATUS (PRETRIAL</u>

        Defendants.                   <u>SCHEDULING) ORDER</u>

_____/

       This matter is proceeding before the undersigned pursuant to the consent of the parties and the April 18, 2011 and August 2, 2011 orders of reassignment. By order filed May 3, 2011, dates were set for the completion of discovery, pretrial motions and disclosure of experts. Those dates will be confirmed. The setting of dates for pretrial conference and trial was deferred. Accordingly, IT IS HEREBY ORDERED that:

       1. The dates previously set in the May 3, 2011 status order are confirmed.

       2. Final Pretrial Conference is set for September 12, 2012 at 11:00 a.m. before the undersigned. The parties are cautioned that any counsel appearing for Final Pretrial Conference shall in fact try the matter.

       Counsel are to be fully prepared for trial at the time of the Pretrial Conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.

Counsel are referred to Local Rules 280 and 281 relating to the contents of and time for filing Pretrial Statements. In addition to all subjects listed in Local Rule 281(b), the parties shall include in their pretrial statements a plain, concise statement that identifies every non-discovery motion tendered to the court and its resolution. A FAILURE TO COMPLY WITH LOCAL RULES 280 AND 281 WILL BE GROUNDS FOR SANCTIONS.

Plaintiffs and defendant shall each file a separate Pretrial Statement in accordance with the provisions of Local Rule 281(a)(1). Additionally, the parties shall prepare a <u>JOINT STATEMENT</u> with respect to the undisputed facts and disputed factual issues of the case. <u>See</u> Local Rule 281(b)(3), (4), and (6). In the joint statement, the undisputed facts and disputed factual issues are to be set forth in two separate sections. In each section, the parties should identify first the general facts relevant to all causes of action. After identifying the general facts, the parties should then identify those facts which are relevant to each separate cause of action. In this regard, the parties are to number each individual fact or factual issue. Where the parties are unable to agree as to what factual issues are properly before the court for trial, they should list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any party and explain by parenthetical the controversy concerning each issue. In general, each fact should relate or correspond to an element of the relevant cause of action. Notwithstanding the provisions of Local Rule 281, the Joint Statement of Undisputed Facts and Disputed Factual Issues is to be filed with the court concurrently with the filing of plaintiff's Pretrial Statement.

Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide with their separate Pretrial Statements a list of witnesses and a list of exhibits that they propose to proffer at trial for any purpose. These lists shall <u>not</u> be contained in the party's Pretrial Statement itself but shall be attached as separate documents. Plaintiffs' exhibits shall be listed numerically. Defendant's exhibits shall be listed alphabetically. In the event that the alphabet is exhausted, defendant's additional exhibits shall be marked "2A-2Z, 3A-3Z," etc. The court's Pretrial Order will contain a stringent standard for the proffering at trial of witnesses and exhibits

not listed in the Pretrial Order.  Counsel and parties proceeding pro se are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses which the party does not intend to call or use will be viewed as an abuse of the court's processes.

Pursuant to Local Rule 281(b)(12), each party is required to provide a list of all answers to interrogatories and responses to requests for admission that the party expects to offer at trial.  This list should include only those documents or portions thereof which the party expects to offer in its case-in-chief.  Unless otherwise barred by a rule of evidence or order of this court, the parties remain free to tender appropriate discovery documents during trial for such purposes as, but not limited to, impeachment or memory refreshment.

Pursuant to Local Rule 281(b)(8), the parties' Pretrial Statements shall contain a "statement of legal theory, etc."  Each party shall commence this section by specifying as to each claim whether federal or state law governs, and, if state law, the state whose law is applicable.

The parties are also reminded that, pursuant to Fed. R. Civ. P. 16, it will be their duty at the Final Pretrial Conference to aid the court in (a) the formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) the settling of facts that should be properly admitted; and (c) the avoidance of unnecessary proof and cumulative evidence.  Each party must prepare its Pretrial Statement, and participate in good faith at the Final Pretrial Conference, with these aims in mind.  FAILURE TO DO SO MAY RESULT IN THE IMPOSITION of SANCTIONS, which may include monetary sanctions, orders precluding proof, the elimination of claims or defenses, or such other sanctions as the court deems appropriate.

3. A jury trial is set for November 5, 2012 at 9:00 a.m. before the undersigned.

DATED:  August 5, 2011

/s/ Carolyn K. Delaney
_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
johnson-vuong.amd.oas

3